64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard J. AMMON; Waneta L. Ammon, also known as Nita L.
Ammon; Tiffany Ammon; Anthony Ammon; Travis
Ammon, Plaintiffs-Appellants,
v.
Virgil WELTY; Orville Smith; Mickey Turner; Forrester
Burlchardt; Robert Brewer, Defendants-Appellees.
 No. 94-6117.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1995.
 
 Before: KEITH, KENNEDY and SILER, Circuit Judges.
 
 ORDER
 
 1
 The Ammon family, Kentucky residents who are represented by counsel, appeal a district court order dismissing their civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983 and state tort law. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, the Ammons sued multiple Trimble County (Kentucky) officials and a Kentucky resident alleging that the defendants conspired to seize possession of their mixed breed dog named Hair Bear. The Ammons contend that Brewer, dog warden of Trimble County, improperly shot Hair Bear on May 26, 1993. The defendants moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6), which the Ammons opposed. The district court found that the Ammons had failed to state a cause of action and dismissed the case as meritless.
 
 
 3
 In their timely appeal, the Ammons argue that the district court erred in dismissing their complaint for failure to state a claim.
 
 
 4
 This court reviews the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6) de novo. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 5
 We accept the Ammons' allegations as true. Plaintiffs allege that on May 24, 1993, Nuss obtained possession of Hair Bear by deceit. From May 24th through May 26th, Nuss kept possession of Hair Bear. On May 26th, Nuss took Hair Bear to Brewer, the dog warden of Trimble County. On this same day, Brewer destroyed Hair Bear by shooting the dog, contrary to Ky.Rev.Stat. Sec. 258.215. The defendants, who include the magistrates of Trimble County, knew of Nuss's conduct and approved of Brewer's improper destruction of Hair Bear. This knowledge was a result of the conspiracy among the defendants to deprive the Ammons of Hair Bear.
 
 
 6
 The district court dismissed the complaint under the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). Under the Parratt doctrine, a procedural due process claim is not stated if three conditions are met in a case: (1) the deprivation was unpredictable or random; (2) predeprivation process was impractical; and (3) the state actor was not authorized to take the action that deprived the plaintiff of its property. See Zinermon v. Burch, 494 U.S. 113, 136-39 (1990). If these criteria are met, a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). Under Ky.Rev.Stat. Sec. 258.215, if a dog warden seizes and impounds a dog, the warden must impound the dog for seven days. If the dog is not claimed by the owner within this time period, the warden may destroy the dog in a humane manner. Defendants contend that the Ammons have failed to establish a property interest in this case. As Ky.Rev.Stat. Sec. 258.215 uses mandatory language creating a substantive limitation on the actions of state officials (i.e. that an animal must be impounded for seven days before being destroyed), the Ammons have established a constitutionally protected property interest. See Hewitt v. Helms, 459 U.S. 460, 466-72 (1983).
 
 
 7
 However, as Hair Bear's destruction by the dog warden was predictable and a predeprivation process unavailable, and Brewer was not authorized to destroy Hair Bear until seven days elapsed, and Kentucky provides a remedy for the alleged unlawful taking of plaintiffs' property, the district court properly granted the motion to dismiss.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.